## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

---

In re:

PETER M. BERNEGGER  and
MARISA I. BERNEGGER,

Debtors.

Chapter 13

Case No. 06-27055-MDM

---

### ORIGINAL CHAPTER 13 PLAN

---

___ A check in this box indicates that the plan contains special provisions set out in Section 9A below.

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payments of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtors (hereinafter "Debtor") propose this Chapter 13 Plan:

1. **Submission of Income**. Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan**. Debtor will pay the sum of $500.00 monthly to Trustee by  Direct Payments for the applicable commitment period of 36 months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed thirty-six (36) months from date of confirmation. *See* 11 U.S.C. §§ 1325(b)(1)(B and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan.

The Debtor shall also remit all net proceeds from the sale of the Debtors' real estate, after payment of customary costs of sale, accrued unpaid real estate taxes, and mortgages. Both properties are currently listed with licensed real estate brokers at the following list prices:

| Address | List Price |
|---|---|
| E9590 Hickory Ridge Lane<br>New London, WI | $748,000 |
| 2867 Oak Ridge Rd.<br>West Point, MS | $129,000 |

The Debtor will file the necessary applications with the Court to approve the appointment of the real estate brokers, as well as the terms of the current listing contracts. Any proposed sale shall be subject to approval by the Court following proper notice to all parties in interest herein. Both sales shall be consummated on or before December 31, 2007, unless extended by the Court.

3. **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief**. An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

(A). **Trustee's Fees**. Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee, not to exceed 10% of funds received for distribution.

(B). **Debtor's Attorney's Fees**. The total attorney fee as of the date of filing the petition is $2,500.00. The amount of $2,500.00 was paid prior to the filing of the case. The balance of $0.00 will be paid as follows: $0.00 to be paid at the initial disbursement following confirmation of the plan. $0.00 will be paid on a monthly basis until the fee is paid in full.

5. **Priority Claims.**

(A). **Domestic Support Obligations**.

 X  None. If none, skip to Plan paragraph 5(B).

(i).     Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

(ii).    The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

N/A

(iii).   Anticipated Domestic Support Obligation Arrearage Claims

(a).  Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These

2

claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

       _X_ None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage<br>claim | (c)<br>Projected monthly<br>arrearage payment |
|---|---|---|
| None | | |

       (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit,

       _X_ None; or

       Claimant and proposed treatment: N/A

       (B). **Other Priority Claims (e.g., tax claims)**. These priority claims will be paid in full, but will not be funded until all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated Claim |
|---|---|
| None | |

6.       **Secured Claims.**

       (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

       (i).   **Pre-confirmation adequate protection payments**. No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Trustee shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed secured claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. No payment will be made by the Trustee without a filed proof of claim.

3

Debtor shall make the following adequate protection payments:

_ to the Trustee pending confirmation of the plan.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Adequate protection<br>payment amount |
|---|---|---|
| None | | |

(ii). **Post confirmation payments**. Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c). No payment will be made by the Trustee without a filed proof of claim.

(a). **Claims to Which § 506 Valuation is NOT Applicable**. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

___ None; or

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Purchase<br>date | (d)<br>Claim<br>amount | (e)<br>Interest rate | (f)<br>Monthly<br>payment |
|---|---|---|---|---|---|
| Farm<br>Bureau<br>Bank | 2004<br>Nissan<br>Quest | 9/23/04 | $16,285 | pre-<br>computed | $452.36 |

(b). **Claims to Which § 506 Valuation is Applicable**. Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(a)(ii)(a). After confirmation of the plan, the Trustee will pay the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less,

4

with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below, or as modified, will be binding unless a contrary proof of claim is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

  __X__ None; or

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Purchase<br>date | (d)<br>Replacement<br>value | (e)<br>Interest<br>rate | (f)<br>Monthly<br>payment |
|---|---|---|---|---|---|
| None | | | | | |

(c). **Other provisions**.

(B). **Claims Secured by Real Property Which Debtor Intends to Retain**. Debtor will make post-petition adequate protection payments to each mortgage creditor commencing May 1, 2007. The specific payment amounts and due dates shall be subject to the mutual agreement of the Debtor and each respective mortgage creditor.

(C). **Surrender of Collateral**. Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under §362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon, or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a)<br>Creditor | (b)<br>Collateral to be surrendered |
|---|---|
| None | |

7. **Unsecured Claims**. Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $56,284.00. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims in full.

5

8. **Executory Contracts and Unexpired Leases**. The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

__; or

| (a)<br>Creditor | (b)<br>Nature of lease or executory contract | (c)<br>Payment to be paid directly by Debtor | (d)<br>Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| N/A | | | |

9. **Property of the Estate**. Property of the estate shall revest in Debtor.

   __X__   upon confirmation
   ____   upon discharge
   ____   other

(A). **Special Provisions**. Notwithstanding anything to the contrary set forth above, the Plan shall include the provisions set forth below. **The provisions will not be effective unless there is a check in the notice box preceding Paragraph 1 of this plan.**

None.

(B).   **Special classes of unsecured claims.**

None.

(C).   **Other direct payments to creditors.**

None.

10. **Avoidance or Limitation of Liens**

6

The debtor proposed to avoid or limit the liens of the following creditors: None

Liens will not be avoided until the appropriate motion has been filed and order has been entered by the court or the appropriate adversary proceeding has been filed and judgment has been entered by the court.

11. **Modification.**

Debtor may file a modification of this plan that is not materially adverse to creditor(s) without providing notice to creditor(s) if the Chapter 13 Trustee determines that said modification is not materially adverse to said creditor(s).

Dated this _05_ of January, 2007.

Peter M. Bernegger, Debtor

Marisa I. Bernegger, Joint Debtor

Michael P. Schoenbohm
Debtor's Attorney
600 E. Northland Avenue
P.O. Box 1176
Appleton, WI 54912-1176
Telephone No.: 920/735-5858

7

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

In re *Peter M. Bernegger and Marisa I. Bernegger*     Case No. *06-27055*
                                                        Chapter *13*

_____ / Debtor

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D. E and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data"if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A-Real Property | Yes | 1 | $ 868,400.00 | | |
| B-Personal Property | Yes | 3 | $ 121,288.00 | | |
| C-Property Claimed as Exempt | Yes | 1 | | | |
| D-Creditors Holding Secured Claims | Yes | 3 | | $ 1,035,639.00 | |
| E-Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $ 0.00 | |
| F-Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | $ 56,284.00 | |
| G-Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H-Codebtors | Yes | 1 | | | |
| I-Current Income of Individual Debtor(s) | Yes | 1 | | | $ 4,333.00 |
| J-Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 3,828.00 |
| TOTAL | | 16 | $ 989,688.00 | $ 1,091,923.00 | |

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

In re *Peter M. Bernegger and Marisa I. Bernegger*

Case No. *06-27055*
Chapter *13*

_____ / Debtor

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

### This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 0.00 |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 4,333.00 |
| Average Expenses (from Schedule J, Line 18) | $ 3,828.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $ 4,000.00 |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 170,279.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | $ 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4. Total from Schedule F | | $ 56,284.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 226,563.00 |

In re _Peter M. Bernegger and Marisa I. Bernegger_ _____ / Debtor    Case No. _06-27055_ _____

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C-Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| _Single Family Residence and adjoining lot located at E9590 Hickory Ridge Lane, New London, WI_<br><br>_$739,400  - FMV_<br>_(200,781) - 1st Mortgage_<br>_(100,000) - 2nd Mortgage_<br>_(144,415) - 3rd Mortgage_<br>_( 44,000) - 4th Mortgage_<br>_( 98,498) - 5th Mortgage_<br>_(319,700) - 6th Mortgage_<br>_(167,994) - Net Equity_ | _Fee Simple_ | _J_ | _$ 739,400.00_ | _$ 739,400.00_ |
| _Single Family Residence located at 2867 Oak Ridge Rd., West Point, MS_<br><br>_$129,000  - FMV (list price)_<br>_(111,960) - Mortgage_<br>_$ 17,040  - Net Equity_ | _Fee Simple_ | _J_ | _$ 129,000.00_ | _$ 111,960.00_ |
| No continuation sheets attached | **TOTAL $**<br>(Report also on Summary of Schedules.) | | _868,400.00_ | |



# *Waupaca County*
## *Official Website*

**Friday, December 29, 2006**

## Waupaca County Real Estate Tax Record

**Property Record For Parcel Number: 02 01 13 7**          12/29/2006   Search Again

Parent Parcel: 02 01 13 3

**LOCATION INFORMATION**

| | |
|---|---|
| Owner Name | Owner name information is only available online to subscribed users or by calling the Waupaca County Treasurer Office at 715.258.6220 |
| Parcel Number | 02 01 13 7 |
| Municipality | TOWN OF CALEDONIA |
| Property Address | HICKORY RIDGE LN, E9590 |
| Mailing Address | |
| City, State, Zip | |
| Deed of Record | 650793 |

**PROPERTY DESCRIPTION**
(As of last tax bill issued)

Legal Description    SEC1 T21N R14E PRT S1/2 NE EX CSM
V18P113 | V 541P753 V581P730
V580P835 V583P836 V646P651 10A
M/L

**ASSESSMENTS - Based on: 2006**

| | Acres | Land | Improv |
|---|---|---|---|
| 1. Residential | 10.000 | $44,900 | $575,300 |
| | | | |
| **Totals** | 10.000 | $44,900 | $575,300 |

**ASSESSMENT INFORMATION**

| | 2006 | 2005 |
|---|---|---|
| Land Value | $44,900 | $44,900 |
| Improvement Value | $575,300 | $575,300 |
| Total Value | $620,200 | $620,200 |
| Fair Market Value | $726,200 | $662,900 |
| Fair Market Ratio | 0.8540220 | 0.935552 |

**REAL ESTATE TAX INFORMATION**

| | 2006 | 2005 |
|---|---|---|
| Net General Tax | $11,676.76 | $11,232.0 |
| Tot Spec Assess | $135.60 | $108.00 |
| Tot Spec Taxes | $0.00 | $0.00 |
| Tot Net Taxes | $11,812.36 | $11,340. |
| | | |
| Principal Paid | $91.17 | $11,340.0 |
| Interest Paid | $0.00 | $225.28 |
| Principal Due | $11,721.19 | $0.00 |
| Interest Due | $0.00 | $0.00 |
| Special Fees | $0.00 | $0.00 |
| Total Due | **$11,721.19** | **$0.00** |
| Lottery Credit | **$91.17** | |

**TAXING DISTRICT INFORMATION**

| | |
|---|---|
| School District | 3955 - NEW LONDON |
| Vocational District | 1200 - FOX VALLEY TECH. COLLE |

| Installments: | 1st | 2nd |
|---|---|---|
| | $5,882.81 | $5,838.3 |

**REAL ESTATE TAX PAYMENTS**

| Tax Year | Date | Principal | Interest | Lottery Credit |
|---|---|---|---|---|
| 2006 | 12/1/2006 | | | $91.17 |
| 2005 | 3/21/2006 | $11,264.19 | $225.28 | |
| 2005 | 12/1/2005 | | | $76.48 |
| 2004 | 5/31/2005 | $3.20 | | |
| 2004 | 5/10/2005 | $329.54 | $13.18 | |
| 2004 | 4/19/2005 | $11,091.45 | $332.74 | |
| 2004 | 12/1/2004 | | | $83.95 |
| 2003 | 7/31/2004 | $5,190.86 | | |
| 2003 | 1/31/2004 | $5,223.11 | | |
| 2003 | 1/31/2004 | | | $75.76 |
| 2002 | 7/30/2003 | $6,336.09 | | |
| 2002 | 1/31/2003 | $6,375.22 | | |
| 2002 | 1/31/2003 | | | $68.87 |
| | More | | | |

**Comparative Sales**

| Date | Document | Amount | Deed | Size | Split | Related |
|---|---|---|---|---|---|---|
| 09/04/2002 | 650793 | 521,500 | | 12.5A | | X |

http://public2.co.waupaca.wi.us/TaxHistory/thtaxhistory.asp                    12/29/2006



# *Waupaca County*
## *Official Website*
### Friday, December 29, 2006

## Waupaca County Real Estate Tax Record

**Property Record For Parcel Number: 02 01 41 2**          12/29/2006   Search Again

**LOCATION INFORMATION**

| | |
|---|---|
| Owner Name | Owner name information is only available online to subscribed users or by calling the Waupaca County Treasurer Office at 715.258.6220 |
| Parcel Number | 02 01 41 2 |
| Municipality | TOWN OF CALEDONIA |
| Property Address | |
| Mailing Address | |
| City, State, Zip | |
| Deed of Record | 650793 |

**PROPERTY DESCRIPTION**
(As of last tax bill issued)

Legal Description   SEC1 T21N R14E N66FT R/W NESE & N66FT OF E330 FT NWSE | V431P515 V648P774 2.5A

**ASSESSMENTS - Based on: 2006**

| | Acres | Land | Improv |
|---|---|---|---|
| 1. Residential | 2.500 | $3,800 | $7,500 |
| **Totals** | 2.500 | $3,800 | $7,500 |

**ASSESSMENT INFORMATION**

| | 2006 | 2005 |
|---|---|---|
| Land Value | $3,800 | $3,800 |
| Improvement Value | $7,500 | $7,500 |
| Total Value | $11,300 | $11,300 |
| Fair Market Value | $13,200 | $12,100 |
| Fair Market Ratio | 0.8540220 | 0.935525 |

**REAL ESTATE TAX INFORMATION**

| | 2006 | 2005 |
|---|---|---|
| Net General Tax | $212.75 | $204.66 |
| Tot Spec Assess | $0.00 | $0.00 |
| Tot Spec Taxes | $0.00 | $0.00 |
| Tot Net Taxes | $212.75 | $204.66 |
| Principal Paid | $0.00 | $204.66 |
| Interest Paid | $0.00 | $4.09 |
| Principal Due | $212.75 | $0.00 |
| Interest Due | $0.00 | $0.00 |
| Special Fees | $0.00 | $0.00 |
| Total Due | **$212.75** | **$0.00** |
| Lottery Credit | | |

**TAXING DISTRICT INFORMATION**

School District        3955 - NEW LONDON
Vocational District    1200 - FOX VALLEY TECH. COLLE

| Installments: | 1st | 2nd |
|---|---|---|
| | $106.38 | $106.37 |

**REAL ESTATE TAX PAYMENTS**

| Tax Year | Date | Principal | Interest | Lottery Credit |
|---|---|---|---|---|
| 2005 | 3/21/2006 | $204.66 | $4.09 | |
| 2004 | 12/31/2004 | $207.71 | | |
| 2003 | 1/31/2004 | $94.58 | | |
| 2003 | 7/31/2004 | $94.58 | | |
| 2002 | 7/30/2003 | $93.77 | | |
| 2002 | 1/31/2003 | $93.78 | | |

More

**Comparative Sales**

| Date | Document | Amount | Deed | Size | Split | Related |
|---|---|---|---|---|---|---|
| 09/04/2002 | 650793 | 0 | | | | X |

Search Again

# Real Property Tax Statement for Tax Year 2006

Delinquent After NOVEMBER 15, 2006

TAX COLLECTOR
CITY OF WEST POINT
P O BOX 1117
WEST POINT, MS 39773

**REMIT TO:**    TAX COLLECTOR
CITY OF WEST POINT
P O BOX 1117
WEST POINT, MS 39773

**Owner Code**

Total Tax Payable this Page     .00

BERNEGGER PETER M
2867 Oak Ridge Rd
West Point, MS 39773-8517

| Receipt Number | Tax Due | Amount Paid |
|---|---|---|
| 531-00 | 966.94 | Prior Tax |

**Total Payment Included:**

Please detach here and return top portion with your payment.

Real Property Tax Statement   2006   CITY OF WEST POINT

| Receipt Number | Parcel Number | | SEC | TWN | RNG | Tax District | Ad Valorem Tax | Homestead Credit | Net Ad Valorem | Special | Tax Due |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 531-00 | 062D 05B | 0021100 | 05 | 17 | 06E | 1110 | 966.94 | .00 | 966.94 | .00 | 966.94 |

OAKRIDGE ESTATE PT II
LOT 47
DB 243/772

BERNEGGER PETER M

| | Class | Appraised | Assessed |
|---|---|---|---|
| | CLS1 | 15000.00 | 1500.00 |
| | CLS2 | 67291.00 | 10094.00 |
| | ACRES | .00 | |

Prior Year Taxes Due on This Property

It is the responsibility of the taxpayer to verify this information.
These taxes are delinquent after November 20, 2006

Please make checks payable to CITY OF WEST POINT

In re _Peter M. Bernegger and Marisa I. Bernegger_ _____ / Debtor    Case No. _06-27055_

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C-Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases. If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | None | Description and Location of Property | Husband—H Wife—W Joint—J Community—C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank Account at Cadence Bank | J | $ 900.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Consumer Goods Location: In debtor's possession | J | $ 620.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Pictures Location: In debtor's possession | J | $ 150.00 |
| 6. Wearing apparel. | | Wearing Apparel Location: In debtor's possession | J | $ 150.00 |
| 7. Furs and jewelry. | | Jewelry Location: In debtor's possession | J | $ 240.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | 5 Guns Location: In debtor's possession | J | $ 1,000.00 |
| | | Bicycle Location: In debtor's possession | J | $ 5.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Page __1__ of __3__

In re _Peter M. Bernegger and Marisa I. Bernegger_     / Debtor     Case No. _06-27055_

(if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interest in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | _CPI, LLC - 29% interest. No assets._ | J | $ 1.00 |
| | | _Ultra Drying Technology, LLC - 50% interest. No equity._ | J | $ 1.00 |
| | | _We Gel, LLC - 52% interest._ | J | $ 100,000.00 |
| | | _Wheat Pro, LLC - 100% interest. No assets._ | J | $ 1.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts Receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as described in 11 U.S.C. 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |

Page __2__ of __3__

In re <u>Peter M. Bernegger and Marisa I. Bernegger</u> / Debtor    Case No. <u>06-27055</u>
(if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband—H Wife—W Joint—J Community—C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 25. Automobiles, trucks, trailers and other vehicles. | | *1999 Ford F-150* Location: In debtor's possession | J | $ 3,500.00 |
| | | *2004 Nissan Quest (Fully Secured)* Location: In debtor's possession | J | $ 14,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | *Hand & Power Tools* Location: In debtor's possession | J | $ 555.00 |
| | | *Lawn Equipment* Location: In debtor's possession | J | $ 140.00 |
| | | *Pool* Location: In debtor's possession | J | $ 25.00 |

Total ➡    $ 121,288.00

(Report total also on Summary of Schedules.)
Include amounts from any continuation sheets attached.

Case 06-27055-mdm    Doc 16    Filed 01/09/07    Page 16 of 45

**WISCONSIN**

## CERTIFICATE OF VEHICLE REGISTRATION

This Registration Certificate is not a Title
Not Valid for Transfer of Ownership

**EXPIRES END OF**
Month     Year
AUG     2001

013538

LICENSE NUMBER
ATK 251719   A

VEHICLE IDENTIFICATION NUMBER
1FTRX18W0XNB19357

YEAR    MAKE      Body Style     Gross Wt.    VEHICLE TYPE    Title No.     Fleet Number
1999   FORD            6000     TRUK      0028401131-0

AMOUNT RECEIVED $******87.50
PRIVATE CARRIER

REGISTERED TO:

BERNEGGER PETER M
W9590 GIVENS RD
HORTONVILLE WI 54944

*mailed 11/21/06*

*P.B.*

CERTIFICATE OF REGISTRATION MUST BE CARRIED IN VEHICLE
AT ALL TIMES.

In re _Peter M. Bernegger and Marisa I. Bernegger_____ / Debtor    Case No. _06-27055___
<span style="float:right">(if known)</span>

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:     ☐ Check if debtor claims a homestead exemption that exceeds $125,000.

(Check one box)

☒ 11 U.S.C. § 522(b) (2):

☐ 11 U.S.C. § 522(b) (3):

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemptions |
|---|---|---|---|
| _Single Family Residence_ | _11 USC 522(d)(5)_ | $ 17,040.00 | $ 129,000.00 |
| _Consumer Goods_ | _11 USC 522(d)(3)_ | $ 620.00 | $ 620.00 |
| _Pictures_ | _11 USC 522(d)(3)_ | $ 150.00 | $ 150.00 |
| _Wearing Apparel_ | _11 USC 522(d)(3)_ | $ 150.00 | $ 150.00 |
| _Jewelry_ | _11 USC 522(d)(4)_ | $ 240.00 | $ 240.00 |
| _5 Guns_ | _11 USC 522(d)(5)_ | $ 1,000.00 | $ 1,000.00 |
| _Bicycle_ | _11 USC 522(d)(5)_ | $ 5.00 | $ 5.00 |
| _We Gel, LLC_ | _11 USC 522(d)(5)_ | $ 1,635.00 | $ 100,000.00 |
| _1999 Ford F-150_ | _11 USC 522(d)(2)_ | $ 3,500.00 | $ 3,500.00 |
| _Hand & Power Tools_ | _11 USC 522(d)(5)_ | $ 555.00 | $ 555.00 |
| _Lawn Equipment_ | _11 USC 522(d)(5)_ | $ 140.00 | $ 140.00 |
| _Pool_ | _11 USC 522(d)(5)_ | $ 25.00 | $ 25.00 |

Official Form 6D (10/06)    West Group, Rochester, NY

In re Peter M. Bernegger and Marisa I. Bernegger
_____
                    Debtor(s)

Case No. 06-27055
_____
                                    (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See U.S.C. § 112. If a "minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primary consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including ZIP Code and Account Number (See Instructions Above.) | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No: 0794<br><br>Creditor # : 1<br>Washington Mutual Bank<br>1270 Northland Dr. Suite 200<br>Mendota Heights MN 55120 | J | 9/02<br>1st Mortgage<br>Single Family Residence located at E9590 Hickory Ridge Lane, New London, WI<br><br>Value: $ 739,400.00 | | | | $ 200,781.00 | $ 0.00 |
| Account No: 0794<br><br>Representing:<br>Washington Mutual Bank | | Attorney Michael Riley<br>600 N. Broadway St. #300<br>Milwaukee WI 53202<br><br>Value: | | | | | |
| Account No: 9541<br><br>Creditor # : 2<br>E Trade Bank<br>c/o CLC Consumer Service Co.<br>P.O. Box 747024<br>Pittsburgh PA 15274-7024 | J | 2005<br>2nd Mortgage<br>Single Family Residence located at E9590 Hickory Ridge Lane, New London, WI<br><br>Value: $ 739,400.00 | | | | $ 100,000.00 | $ 0.00 |

| | | |
|---|---|---|
| 2    continuation sheets attached | Subtotal $<br>(Total of this page) | $ 300,781.00 | $ 0.00 |
| | Total $<br>(Use only on last page) | | |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

In re Peter M. Bernegger and Marisa I. Bernegger          Case No. 06-27055
_____          _____
                    Debtor(s)                                        (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address Including ZIP Code and Account Number (See Instructions Above.) | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien   H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No: 9541  Representing:  E Trade Bank | | Attorney Duncan C. Delhey Gray & Associates 600 N. Broadway, Suite 300 Milwaukee WI 53202-5009  Value: | | | | | |
| Account No: 2331  Creditor # : 3 Washington Mutual Bank 1270 Northland St., Suite 200 Mendota Heights MN 53202 | J | 5/05 3rd Mortgage Single Family Residence located at E9590 Hickory Ridge Lane, New London, WI  Value: $ 739,400.00 | | | | $ 144,415.00 | $ 0.00 |
| Account No: 2331  Representing:  Washington Mutual Bank | | Attorney Michael Riley 600 N. Broadway Street #300 Milwaukee WI 53202  Value: | | | | | |
| Account No: 2331  Representing:  Washington Mutual Bank | | O'Dess & Associates 1414 Underwood Ave. #403 Wauwatosa WI 53213  Value: | | | | | |
| Account No: 3427  Creditor # : 4 Anchor Bank 25 W. Main Street Madison WI 53703 | J | 2004 4th Mortgage Single Family Residence located at E9590 Hickory Ridge Lane, New London, WI  Value: $ 739,400.00 | | | | $ 44,000.00 | $ 0.00 |
| Account No: 3427  Representing:  Anchor Bank | | Attorney Philip A. Munroe 231 E. Wisconsin Ave. P.O. Box 788 Neenah WI 54957-0788  Value: | | | | | |

Sheet no. 1   of 2   continuation sheets attached to Schedule of Creditors
Holding Secured Claims

Subtotal $ (Total of this page)          $ 188,415.00          $ 0.00

Total $ (Use only on last page)

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data)

In re Peter M. Bernegger and Marisa I. Bernegger                    Case No. 06-27055
                         **Debtor(s)**                                                       (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address Including ZIP Code and Account Number (See Instructions Above.) | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien  H–Husband W–Wife J–Joint C–Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No: 7801  Creditor # : 5 Bancorp South P.O. Box 657 West Point MS 39773 | J | 10/2/06 5th Mortgage Single Family Residence located at E9590 Hickory Ridge Lane, New London, WI  Value: $ 739,400.00 | | | | $ 98,498.00 | $ 0.00 |
| Account No: 7801  Representing: Bancorp South | | Attorney Valerie L. Bailey-Rih Quarles & Brady, LLP One South Pickney St. Madison WI 53701-1111  Value: | | | | | |
| Account No: 7801  Representing: Bancorp South | | J. Patrick Caldwell, Trustee 2910 W. Jackson Tupelo MS 38804  Value: | | | | | |
| Account No:  Creditor # : 6 Gary F. and Joan M. Bernegger E9590 Hickory Ridge Lane New London WI 54961 | J | 8/21/06 6th Mortgage Single Family Residence located at E9590 Hickory Ridge Lane, New London, WI  Value: $ 739,400.00 | | | | $ 319,700.00 | $ 167,994.00 |
| Account No: 7954  Creditor # : 7 Bancorp South P.O. Box 657 West Point MS 39773 | J | 10/06 Mortgage Single Family Residence located at 2867 Oak Ridge Rd., West Point, MS  Value: $ 129,000.00 | | | | $ 111,960.00 | $ 0.00 |
| Account No: 1994  Creditor # : 8 Farm Bureau Bank P.O. Box 65219 San Antonio TX 78265-5219 | J | 11/04 Vehicle Loan 2004 Nissan Quest - title held by lender  Value: $ 14,000.00 | | | | $ 16,285.00 | $ 2,285.00 |

Sheet no. 2 of 2 continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal $ (Total of this page)     $ 546,443.00     $ 170,279.00

Total $ (Use only on last page)     $ 1,035,639.00     $ 170,279.00

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data)



# *Evans Title Companies*

**A Division of First American Title Insurance Company**
208 South Main Street, P.O. Box 386, Waupaca, WI 54981-0386
Phone: (715)256-6000   Fax: (715)256-6006

LETTER REPORT

PREPARED FOR: McCarty Law LLP
           Attn: Amy L. Veach
           2401 E. Enterprise Ave.
           Appleton, WI 54913-7887
           Fax No.: (920)882-7986

Order No.: 1535072

We have searched the public records relative to the premises described in Section A and the following party(ies) is/are the grantee(s) on the last recorded conveyance of a full ownership interest:

Peter Bernegger and Marisa I. Bernegger, husband and wife

### SECTION A

Legal description of subject property:

Parcel One:
A Parcel of land being part of the Southeast Quarter of the Fractional Northeast Quarter (SE ¼ of Frac. NE ¼) and part of the Southwest Quarter of the Fractional Northeast Quarter (SW ¼ of Frac. NE ¼) of Section One (1), Township Twenty-one (21) North, Range Fourteen (14) East, in the Town of Caledonia, Waupaca County, Wisconsin bounded and described as follows:
Commencing at the East ¼ corner of said Section 1; thence South 86°55'44" West, 798.57 feet along the south line of the Fractional Northeast ¼ of Section 1 to an East line of lands described in Vol. 646 Records, Page 651 and the point of beginning; thence continuing South 86°55'44" West, 1082.96 feet along said South line to the East line of Certified Survey Map No. 5429; thence North 08°15'48" West, 162.56 feet along said East line; thence North 40°41'17" West, 200.61 feet along said East line to the Northerly line of lands described in Vol. 646 Records, Page 651; thence North 58°20'05" East, 4.04 feet along said Northerly line; thence North 59°50'05" East, 134.06 feet along said Northerly line; thence North 66°29'54" East, 231.55 feet along said northerly line; thence North 48°46'38" East, 223.20 feet along said Northerly line; thence North 65°37'55" East, 48.54 feet along said Northerly line to an East line of said described lands; thence South 14°02'08" East, 325.33 feet along said East line to a North line of said described lands; thence North 86°55'44" East, 613.86 feet along said North line to an East line of said described lands; thence South 00°01'15" West, 301.24 feet along said East line to the point of beginning.

Parcel Two:
The North 66 feet of the East 330 feet of the Northwest Quarter of the Southeast Quarter (NW ¼ of SE ¼), Section One (1), Township Twenty-one (21) North, Range Fourteen (14) East, in the Town of Caledonia, Waupaca County, Wisconsin.

Parcel Three:
The North 66 feet of the Northeast Quarter of the Southeast Quarter (NW ¼ of SE ¼), Section One (1), Township Twenty-one (21) North, Range Fourteen (14) East, in the Town of Caledonia, Waupaca County, Wisconsin.
The North 66 feet of the West 330 feet of the East 660 feet of the Northwest Quarter of the Southeast Quarter (NW ¼ of SE ¼), Section One (1), Township Twenty-one (21) North, Range Fourteen (14) East, in the Town of Caledonia, Waupaca County, Wisconsin.

Page 1 of 3

Also, together with the following described easement for ingress and egress:
Part of the Southeast Quarter of the Northeast Quarter (SE ¼ of NE ¼), Section One (1), Township Twenty-one (21) North, Range Fourteen (14) East, in the Town of Caledonia, Waupaca County, Wisconsin, bounded and described as follows:
Commencing at the East ¼ corner of Section 1; thence South 86°55'44" West, 798.57 feet along the South line of the NE ¼ of Section 1; thence North 0°01'15" East, 301.24 feet to the point of beginning; thence South 86°55'44" West, 33.05 feet; thence North 0°01'15" East, 300.77 feet; thence North 86°07'02" East, 787.18 feet to the Westerly right-of-way line of C.T.H. "D"; thence South 0°01'15" West, 66.15 feet along said right-of-way line; thence South 86°07'02" West, 721.02 feet; thence South 0°01'15" West, 235.56 feet; thence South 86°55'44"West, 33.05 feet to the point of beginning.

TAX ID: 02-01-41-2 and 02-01-13-7
PROPERTY ADDRESS: E9590 Hickory Ridge Lane, , WI


## SECTION B


The following matters, created subsequent to the recording of the last conveyance of a full ownership interest, are unsatisfied of record:

MORTGAGES, LIENS AND OTHER MATTERS:


1. Mortgage between Peter Bernegger and Marisa I. Bernegger, husband and wife, as mortgagor, and Washington Mutual Bank, FA, as mortgagee, in the original stated principal amount of $200,00.00, recorded September 04, 2002 as Document No. 650794.

2. Lis Pendens filed May 31, 2006 in the office of the Register of Deeds as Document No.725439 , in an action to foreclose mortgage recorded as

    Document No.: 650794
    Plaintiff: Washington Mutual Bank f/k/a Washington Mutual Bank, FA
    Defendant: Peter Bernegger and Marisa I. Bernegger
    Attorney: Gray & End, L.L.P.
    Case No.: 06CV224

3. Mortgage between Peter Bernegger and Marisa I. Bernegger, husband and wife, as mortgagor, and E*Trade Bank, as mortgagee, in the original stated principal amount of $100,000.00, recorded September 23, 2003 as Document No. 679133.

4. Mortgage between Peter Bernegger and Marisa I. Bernegger, as mortgagor, and Washington Mutual Bank, FA, as mortgagee, in the original stated principal amount of $145,000.00, recorded April 27, 2005 as Document No. 707499 Re-Recorded May 24, 2005, 708837.

5. Mortgage between Peter M. Bernegger and Marisa I. Bernegger, as mortgagor, and Anchorbank FSB, as mortgagee, in the original stated principal amount of $100,000.00, recorded November 18, 2005 as Document No. 717722.

6. Assignment of Assignment of Leases And Rents recorded November 18, 2005 as Document No. 717723.

7. Mortgage between Peter Bernegger and Marisa I. Bernegger, as mortgagor, and Bancorpsouth Bank, as mortgagee, in the original stated principal amount of $140,900.21, recorded December 08, 2005 as Document No. 718544.

8.  Mortgage between Peter Bernegger and Marisa I. Bernegger, as mortgagor, and Gary F. Bernegger and Joan M. Bernegger, Trustees of the Gary F. Bernegger and Joan M. Bernegger Joint Revocable Trust, as mortgagee, in the original stated principal amount of $319,791.00, recorded August 21, 2006 as Document No. 728744.

Tax ID: 02-01-41-2 and 02-01-13-7

REAL ESTATE TAXES:

Taxes, general and special for the year 2006, not now due and payable.
Taxes for the year 2005 and prior years have been paid.

ASSESSMENT INFORMATION AS OF: November 09, 2006

Land: $48,700.00
Improvements: $582,800.00
Total: $631,500.00
Fair Market Value: $675,000.00

Transfer Fee: $---

NOTE: This report does not include a search for easements and restrictions of record or matters not disclosed in the public records.

This Report does not represent a detailed examination of each instrument or an opinion as to the title to the above described premises. The chain of title has been searched only since the last apparent conveyance of a full ownership interest. Title has not been searched or examined prior to said conveyance. Matters affecting title, of an adverse nature, may exist but not be disclosed by our limited search. A title insurance policy or an abstract certified from government entry to date and an attorney's opinion should be obtained to determine legal or merchantable title. The liability of First American Title Insurance Company under this report shall not exceed $1,500.00 or the actual loss of the applicant, whichever is less.

Dated: November 05, 2006 at 7:00 a.m.

EVANS TITLE COMPANIES,
*a division of First American Title Insurance Company*

By: Bruce Drews
    Authorized Signatory

In re  *Peter M. Bernegger and Marisa I. Bernegger*_____,   Case No. _06-27055_
                                     **Debtor(s)**                                              (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If a "minor child" is stated, also include the name, address and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts NOT entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**No continuation sheets attached**

In re _Peter M. Bernegger and Marisa I. Bernegger_ ,     Case No. _06-27055_
          **Debtor(s)**                                            **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Cotingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H—Husband W—Wife J—Joint C—Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: 1001<br>Creditor # : 1<br>American Express<br>P.O. Box 360001<br>Ft. Lauderdale FL 33336-0001 | J | 2003-06<br>Credit Card | | | | $ 8,627.00 |
| Account No: 4401<br>Creditor # : 2<br>Aspire Visa<br>P.O. Box 23007<br>Columbus GA 31902-3007 | J | 2003-06<br>Credit Card | | | | $ 6,089.00 |
| Account No: 7976<br>Creditor # : 3<br>Bank of America<br>Attn: Bankruptcy Dept.<br>P.O. Box 2493<br>Norfolk VA 23501 | J | 2003-06<br>Credit Card | | | | $ 2,492.00 |
| Account No: 4120<br>Creditor # : 4<br>Bank of America<br>Attn: Bankruptcy Dept.<br>P.O. Box 2493<br>Norfolk VA 23501 | J | 2003-06<br>Credit Card | | | | $ 2,385.00 |
| _2 continuation sheets attached_ | | | | Subtotal $ | | $ 19,593.00 |
| | | | | Total $ | | |

Total $ (Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

In re _Peter M. Bernegger and Marisa I. Bernegger_____,  Case No. _06-27055_____
                                    **Debtor(s)**                                           (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H—Husband W—Wife J—Joint C—Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: _3717_ Creditor # : 5 Citicorp Credit Services, Inc. Centralized Bankruptcy Dept. P.O. Box 20507 Kansas City MO 64195-0507 | J | | 2003-06 Credit Card | | | | $ 12,732.00 |
| Account No: _3717_ Representing: Citicorp Credit Services, Inc. | | | M.R.S. Associates 3 Executive Campus, #400 Cherry Hill NJ 08002 | | | | |
| Account No: _9670_ Creditor # : 6 Citicorp Credit Services, Inc. Centralized Bankruptcy Dept. P.O. Box 20507 Kansas City MO 64195-0507 | J | | 2003-06 Credit Card | | | | $ 6,068.00 |
| Account No: _7695_ Creditor # : 7 Discover Card Attn: Jennifer Nichols P.O. Box 8003 Hilliard OH 43026 | J | | 2003-06 Credit Card | | | | $ 3,257.00 |
| Account No: Creditor # : 8 Internal Revenue Service P.O. Box 21126 Philadelphia PA 19114-0326 | J | | Notice Only | | | | $ 0.00 |
| Account No: _4539_ Creditor # : 9 Sears Roebuck & Co. P.O. Box 20363 Kansas City MO 64195-0363 | J | | 2003-06 Credit Card | | | | $ 3,110.00 |

Sheet No. _1_ of _2_ continuation sheets attached to Schedule of                     **Subtotal $**          $ 25,167.00
Creditors Holding Unsecured Nonpriority Claims                                              **Total $**
                        (Use only on last page of the completed Schedule F. Report also on Summary of Schedules
                         and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

In re _Peter M. Bernegger and Marisa I. Bernegger_                          Case No. _06-27055_
                          **Debtor(s)**                                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H—Husband W—Wife J—Joint C—Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:   5647  Creditor # : 10  WI Farm Bureau Card  Credit Card Center  P.O. Box 33427  San Antonio TX 78265-3427 | J | 2003-06  Credit Card | | | | $ 11,524.00 |
| Account No:  Creditor # : 11  Wis. Dept. of Revenue  Special Procedures Unit  P.O. Box 8901  Madison WI 53708-8901 | J | Notice Only | | | | $ 0.00 |
| Account No: | | | | | | |
| Account No: | | | | | | |
| Account No: | | | | | | |
| Account No: | | | | | | |

Sheet No. _2_ of _2_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| **Subtotal $** | $ 11,524.00 |
| **Total $** (Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data) | $ 56,284.00 |

In re _Peter M. Bernegger and Marisa I. Bernegger_ _____ / Debtor     Case No. _06-27055_
(if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State the nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, indicate that by stating "minor child" and do not disclose the child's name. See 11 U.S.C 112 Fed.R.Bankr.P. 1007(m).

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, including Zip Code, of other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
|  |  |

Page ___1___ of ___1___

In re **Peter M. Bernegger and Marisa I. Bernegger** / Debtor     Case No. *06-27055*

                                                                   (if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California Idaho, Louisiana, Nevada, New Mexico, Puerto Rico Texas, Washington, or Wisconsin) within the eight year period immediately preeceding the commencement of the case, identify the name of the debtors spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the childs name. See 11 U.S.C 112 ; Fed.Bankr.P. 1007(m).

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| | |

                                                      Page _1_ of _1_

In re _Peter M. Bernegger and Marisa I. Bernegger_ _____, Case No. _06-27055_____

                               **Debtor(s)**                                                     (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status: _Married_ | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): _Son_ _Daughter_ | AGE(S): 7 4 |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | _Managing Member_ | _Homemaker_ |
| Name of Employer | _We Gel, LLC_ | - |
| How Long Employed | _2 Months_ | - |
| Address of Employer | _935 Hwy 50 W_ _West Point MS  39773_ | - - - - |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | | SPOUSE | |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ | _0.00_ | $ | _0.00_ |
| 2. Estimate Monthly Overtime | | _0.00_ | $ | _0.00_ |
| 3. SUBTOTAL | $ | _0.00_ | $ | _0.00_ |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|   a. Payroll Taxes and Social Security | $ | _0.00_ | $ | _0.00_ |
|   b. Insurance.. | $ | _0.00_ | $ | _0.00_ |
|   c. Union Dues | $ | _0.00_ | $ | _0.00_ |
|   d. Other  (Specify): | $ | _0.00_ | $ | _0.00_ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | _0.00_ | $ | _0.00_ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | _0.00_ | $ | _0.00_ |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | _4,333.00_ | $ | _0.00_ |
| 8. Income from Real Property | $ | _0.00_ | $ | _0.00_ |
| 9. Interest and dividends | $ | _0.00_ | $ | _0.00_ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | _0.00_ | $ | _0.00_ |
| 11. Social Security or government assistance   Specify: | $ | _0.00_ | $ | _0.00_ |
| 12. Pension or retirement income | $ | _0.00_ | $ | _0.00_ |
| 13. Other monthly income   Specify: | $ | _0.00_ | $ | _0.00_ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | _4,333.00_ | $ | _0.00_ |
| 15. AVERAGE MONTHLY INCOME    (Add amounts shown on lines 6 and 14) | $ | _4,333.00_ | $ | _0.00_ |
| 16. COMBINED AVERAGE MONTHLY INCOME:  (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | | $ | _4,333.00_ | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

In re  *Peter M. Bernegger and Marisa I. Bernegger*  ,     Case No. *06-27055*

**Debtor(s)**                                                                (If known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,300.00 |
|     a. Are real estate taxes included?   Yes ☐   No ☒ | | |
|     b. Is property insurance included?   Yes ☐   No ☒ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 375.00 |
|     b. Water and sewer | $ | 20.00 |
|     c. Telephone | $ | 40.00 |
|     d. Other   *Cable* | $ | 42.00 |
|     Other   *Cell Phone* | $ | 59.00 |
|     Other   *Internet* | $ | 59.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 50.00 |
| 4. Food | $ | 350.00 |
| 5. Clothing | $ | 100.00 |
| 6. Laundry and dry cleaning | $ | 25.00 |
| 7. Medical and dental expenses | $ | 150.00 |
| 8. Transportation (not including car payments) | $ | 150.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 50.00 |
| 10. Charitable contributions | $ | 40.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renter's | $ | 40.00 |
|     b. Life | $ | 250.00 |
|     c. Health | $ | 0.00 |
|     d. Auto | $ | 79.00 |
|     e. Other | $ | 0.00 |
|     Other | $ | 0.00 |
|     Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage) | | |
|     (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | $ | 0.00 |
|     b. Other: *Day Care* | $ | 300.00 |
|     c. Other: | $ | 0.00 |
|     d. Other: | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other: *Misc. (gifts, haircuts, etc.)* | $ | 55.00 |
|     Other: *School Expenses* | $ | 285.00 |
|     Other: | $ | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES Total lines 1-17. Report also on Summary of Schedules | $ | 3,828.00 |
|     and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | |
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: | | |
| | | |
| 20. STATEMENT OF MONTHLY NET INCOME | | |
|     a. Average monthly income from Line 16 of Schedule I | $ | 4,333.00 |
|     b. Average monthly expenses from Line 18 above | $ | 3,828.00 |
|     c. Monthly net income (a. minus b.) | $ | 505.00 |

In re *Peter M. Bernegger and Marisa I. Bernegger*    Case No. *06-27055*
     Debtor              (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __17__ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: __1-5-07__    Signature _____
             Peter M. Bernegger

Date: __1-05-07__   Signature _____
             Marisa I. Bernegger

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

In re: *Peter M. Bernegger*
     *and*
     *Marisa I. Bernegger*

Case No. *06-27055*

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to an applicable question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

---

### DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor my also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

## 1. Income from employment or operation of business

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT            SOURCE

*Year to date: (H) $3,358.50*      *Wages*
              *(W) $2,342.68*

*2005: None*
*2004: $35,000*

## 2. Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT            SOURCE

*Year to date:*           *IRA Distribution*
*2005: $20,510*
*2004: N/A*

## 3. Payments to creditors

Complete a. or b., as appropriate, and c.

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor, made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.(Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

☒ NONE

## 4. Suits and administrative proceedings, executions, garnishments and attachments

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| *Washington Mutual Bank vs. Peter Bernegger, et al Case #06 CV 224* | *Foreclosure* | *Waupaca County Circuit Court Branch 1* | *Sheriff's sale held 11/28/06* |
| *E*Trade Bank vs. Peter Bernegger, et al Case #06 CV 360* | *Foreclosure* | *Waupaca County Circuit Court* | *Dismissed 9/15/06* |

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 5. Repossessions, foreclosures and returns

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 6. Assignments and receiverships

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 7. Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.(Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 8. Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARSOF LOSS | DATE OF LOSS |
|---|---|---|
| *Description: Personal Items* <br> *Value: $20,000-$25,000* | *Circumstances: Casualty loss - damage from fallen tree* <br> *Insurance: None* | *3/06* |
| *Description: Gambling* <br> *Value: Unknown* | *Circumstances: Gambling* <br> *Insurance: N/A* | *Within the last year* |

## 9. Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Atty Michael P. Schoenbohm* <br> *600 E. Northland Ave.* <br> *P.O. Box 1176* <br> *Appleton, WI 54912-1176* | *Date of Payment: Various* <br> *Payor: Debtors* | *$2,500* |
| *Allen Credit & Debt Counseling Agency* | *Date of Payment: 12/06* <br> *Payor: Debtors* | *$100.00* |

## 10. Other transfers

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a benificiary.

☒ NONE

## 11. Closed financial accounts

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 12. Safe deposit boxes

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 13. Setoffs

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 14. Property held for another person

List all property owned by another person that the debtor holds or controls.

☒ NONE

## 15. Prior address of debtor

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

☒ NONE

## 16. Spouses and Former Spouses

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

☒ NONE

## 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

☒ NONE

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

☒ NONE

---

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

☒ NONE

---

## 18. Nature, location and name of business

a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| NAME AND ADDRESS | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|
| *We-Gel, LLC*<br>*935 Hwy 50 West*<br>*West Point, MS 39773* | *ID:*<br>*05-0598808* | *Manufacturer of fish gelatin* | *3/04 to present* |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

☒ NONE

---

☒ NONE

---

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  01 05 07         Signature
                       of Debtor

Date  01-05-07         Signature      *Morris Bermeffer*
                       of Joint Debtor
                       (if any)

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

In re    *Peter M. Bernegger*
      *and*
     *Marisa I. Bernegger*

Case No. *06-27055*
Chapter *13*

_____ / Debtor

Attorney for Debtor: *Michael P. Schoenbohm*

## STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1. The undersigned is the attorney for the debtor(s) in this case.

2. The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
   a) For legal services rendered or to be rendered in contemplation of and in connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____ *2,500.00*
   b) Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . . $_____ *2,500.00*
   c) The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . . $_____ *0.00*

3. $____ *274.00* ____ of the filing fee in this case has been paid.

4. The Services rendered or to be rendered include the following:
   a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under title 11 of the United States Code.
   b) Preparation and filing of the petition, schedules, statement of financial affairs and other documents required by the court.
   c) Representation of the debtor(s) at the meeting of creditors.

5. The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and
   *None other*

6. The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and
   *None other*

7. The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for the value stated:
   *None*

8. The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm, any compensation paid or to be paid except as follows:
   *None*

Dated:   1/8/07        Respectfully submitted,

X_____

Attorney for Petitioner: *Michael P. Schoenbohm*
*SCHOENBOHM & SCHOENBOHM, S.C.*
*600 E. Northland Ave.*
*P.O. Box 1176*
*Appleton WI 54912-1176*

In re  Peter M. & Marisa I. Bernegger
_____
                Debtor(s)

Case number: 06-27055
_____
               (If known)

| According to the calculations required by this statement: |
|---|
| ☒ **The applicable commitment period is 3 years.** |
| ☐ **The applicable commitment period is 5 years.** |
| ☐ **Disposable income is determined under § 1325(b)(3).** |
| ☒ **Disposable income is not determined under § 1325(b)(3).** |
| (Check the boxes as directed in Lines 17 and 23 of this statement.) |

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual Chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| | Part I. REPORT OF INCOME | | |
|---|---|---|---|
| | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed. <br> a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.** <br> b. ☒ Married. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for lines 2-10.** | | |
| | | **Column A Debtor's Income** | **Column B Spouse's Income** |
| 1 | All figures must reflect average monthly income recieved from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six month total by six, and enter the result on the appropriate line. | | |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $559.67 | $390.45 |
| 3 | **Income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) Line 3. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | |
| | a. Gross receipts — $0.00 | | |
| | b. Ordinary and necessary business expenses — $0.00 | | |
| | c. Business income — Subtract Line b from Line a | $0.00 | $0.00 |
| 4 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | |
| | a. Gross receipts — $0.00 | | |
| | b. Ordinary and necessary operating expenses — $0.00 | | |
| | c. Rent and other real property income — Subtract Line b from Line a | $0.00 | $0.00 |
| 5 | **Interest, dividends, and royalties.** | $0.00 | $0.00 |
| 6 | **Pension and retirement income.** | $0.00 | $0.00 |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child or spousal support.** Do not include amounts paid by the debtor's spouse. | $0.00 | $0.00 |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: <br><br> Unemployment compensation claimed to be a benefit under the Social Security Act — Debtor $0.00   Spouse $0.00 | $0.00 | $0.00 |

| 9 | Income from all other sources.   Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9.  **Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | |
|---|---|---|---|
| | a. | | 0 | |
| | b. | | 0 | |
| | | | $0.00 | $0.00 |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | $559.67 | $390.45 |
| 11 | **Total.** If column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | $950.12 |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | Enter the amount from Line 11. | $950.12 |
|---|---|---|
| 13 | **Marital adjustment.**   If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents. Otherwise, enter zero. | $0.00 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $950.12 |
| 15 | **Annualized current monthly income for § 1325(b)(4).**   Multiply the amount from Line 14 by the number 12 and enter the result. | $11,401.44 |
| 16 | **Applicable median family income.**   Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/   or from the clerk of the bankruptcy court.) <br> a: Enter debtor's state of residence:   WISCONSIN   b. Enter debtor's household size:   4 | $71,064.00 |
| 17 | **Application of § 1325(b)(4).**   Check the applicable box and proceed as directed. <br> ☒ **The amount on Line 15 is less than the amount on Line 16.**   Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement. <br> ☐ **The amount on Line 15 is not less than the amount on Line 16.**   Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | Enter the amount from Line 11. | $950.12 |
|---|---|---|
| 19 | **Marital adjustment.**   If you are married, but are not filing jointly with your spouse, enter the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the houshold expenses of you or your dependents. If you are unmarried  or married and filing jointly with your spouse, enter zero. | $0.00 |
| 20 | **Current monthly income for § 1325(b)(3).**   Subtract Line 19 from Line 18 and enter the result. | $950.12 |
| 21 | **Annualized current monthly income for § 1325(b)(3).**   Multiply the amount from Line 20 by the number 12 and enter the result. | $11,401.44 |
| 22 | **Applicable median family income.**   Enter the amount from Line 16. | $71,064.00 |
| 23 | **Application of § 1325(b)(3).**   Check the applicable box and proceed as directed. <br> ☐ **The amount on Line 21 is more than the amount on Line 22.**   Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement <br> ☒ **The amount on Line 21 is not more than the amount on Line 22.**   Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. Do not complete Parts IV, V, or VI. | |

## Part IV. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2)

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24 | **National Standards: food, clothing, household supplies, personal care, and miscellaneous.** Enter the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. **Do not enter an amount less than zero.** | | |
|---|---|---|

| | a. | IRS Housing and Utilities Standards; mortgage/rental Expense | $ | |
|---|---|---|---|---|
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $ | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ |

| 26 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |
|---|---|---|

| 27 | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☒ 0 ☐ 1 ☐ 2 or more.<br><br>Enter the amount from IRS Transportation Standards, Operating Costs & Public Transportation Costs for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1 ☐ 2 or more.<br><br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, First Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. **Do not enter an amount less than zero.** | | |
|---|---|---|

| | a. | IRS Transportation Standards, Ownership Costs, First Car | $ | |
|---|---|---|---|---|
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $ | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ |

| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28. Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, Second Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. **Do not enter an amount less than zero.** | | |
|---|---|---|

| | a. | IRS Transportation Standards, Ownership Costs, Second Car | $ | |
|---|---|---|---|---|
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $ | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ |

| 30 | **Other Necessary Expenses: taxes.**     Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes.  **Do not include real estate or sales taxes.** | $ |
| 31 | **Other Necessary Expenses: mandatory payroll deductions.**     Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs.  **Do not include discretionary amounts, such as non-mandatory 401(k) contributions.** | $ |
| 32 | **Other Necessary Expenses: life insurance.**     Enter average monthly premiums that you actually pay for term life insurance for yourself.  **Do not include premiums for insurance on your dependents, for whole life, or for any other form of insurance.** | $ |
| 33 | **Other Necessary Expenses: court-ordered payments.**     Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments.  **Do not include payments on past due support obligations included in Line 49.** | $ |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 35 | **Other Necessary Expenses: childcare.**     Enter the average monthly amount that you actually expend on childcare -- such as baby-sitting, day care, nursery and preschool.     **Do not include other educational payments.** | $ |
| 36 | **Other Necessary Expenses: health care.**     Enter the average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account.  **Do not include payments for health insurance listed or health savings accounts listed in Line 39.** | $ |
| 37 | **Other Necessary Expenses: telecommunication services.**     Enter the average monthly amount that you actually pay for telecommunication services -- other than your basic home telephone service -- such as cell phones, pagers, call waiting, caller id, special long distance, or internet service -- to the extent necessary for your health and welfare or that of your dependents.     **Do not include any amount previously deducted.** | $ |
| 38 | **Total Expenses Allowed under IRS Standards.**     Enter the total of Lines 24 through 37. | $ |

### Subpart B: Additional Expense Deductions under § 707(b)
### Note: Do not include any expenses that you have listed in Lines 24-37

| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.**     List and total the average monthly amounts that you actually pay for yourself, your spouse, or your dependents in the following categories: | |
| | | a. | Health Insurance | $ | |
| | | b. | Disability Insurance | $ | |
| | | c. | Health Savings Account | $ | |
| | | | | Total: Add Lines a, b, and c | $ |
| 40 | **Continued contributions to the care of household or family members.**     Enter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 34.** | $ |
| 41 | **Protection against family violence.**     Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 42 | **Home energy costs.**     Enter the average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs.     **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | $ |
| 43 | **Education expenses for dependent children under 18.**     Enter the average monthly expenses that you actually incur, not to exceed $125 per child, in providing elementary and secondary education for your dependent children less than 18 years of age. **You must provide your case trustee with documentation demonstrating that the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |
| 44 | **Additional food and clothing expense.**     Enter the average monthly amount by which your food and clothing expenses exceed the combined allowances for food and apparel in the IRS National Standards, not to exceed five percent of those combined allowances. (This information is available at  www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | $ |

| 45 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
|---|---|---|
| 46 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | $ |

## Subpart C: Deductions for Debt Payment

| 47 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, and state the Average Monthly Payment. The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. Mortgage debts should include payments of taxes and insurance required by the mortgage. If necessary, list additional entries on a separate page. | |
|---|---|---|

| | Name of Creditor | Property Securing the Debt | 60-month Average Payment |
|---|---|---|---|
| a. | | | $ |
| b. | | | $ |
| c. | | | $ |
| d. | | | $ |
| e. | | | $ |
| | | | Total: Add Lines a - e    $ |

| 48 | **Other payments on secured claims.** If any of the debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain the possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | |
|---|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| b. | | | $ |
| c. | | | $ |
| d. | | | $ |
| e. | | | $ |
| | | | Total: Add Lines a - e    $ |

| 49 | **Payments on priority claims.** Enter the total amount of all priority claims (including priority child support and alimony claims), divided by 60. | $ |
|---|---|---|

| 50 | **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | |
|---|---|---|

| a. | Projected average monthly Chapter 13 plan payment. | |
|---|---|---|
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x $ |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b    $ |

| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $ |
|---|---|---|

## Subpart D: Total Deductions Allowed under § 707(b)(2)

| 52 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 38, 46, and 51. | $ |
|---|---|---|

## Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)

| 53 | **Total current monthly income.** Enter the amount from Line 20. | $ |
|---|---|---|
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, included in Line 7, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ |
| 55 | **Qualified retirement deductions.** Enter the monthly average of (a) all contributions or wage deductions made to qualified retirement plans, as specified in § 541(b)(7) and (b) all repayments of loans from retirement plans, as specified in § 362(b)(19). | $ |

| 56 | **Total of all deductions allowed under § 707(b)(2).**   Enter the amount from Line 52. | |
|----|----|----|
| 57 | **Total adjustments to determine disposable income.**   Add the amounts on Lines 54, 55, and 56 and enter the result. | $ |
| 58 | **Monthly Disposable Income Under § 1325(b)(2).**   Subtract Line 57 from Line 53 and enter the result. | $ |

## Part VI: ADDITIONAL EXPENSE CLAIMS

**Other Expenses.**   List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses.

| 59 | | Expense Description | Monthly Amount |
|----|----|----|----|
| | a. | | $ |
| | b. | | $ |
| | c. | | $ |
| | | Total: Add Lines a, b, and c | $ |

## Part VII: VERIFICATION

I declare under penalty of perjury that the information provided in this statement is true and correct.   *(If this a joint case, both debtors must sign.)*

60   Date:   01 05 07         Signature: _____
                                                (Debtor)

Date:   01 - 05 - 07         Signature: _____
                                                (Joint Debtor, if any )